UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARK DINIERI,

                Plaintiff,

- vs -

HANOVER INSURANCE COMPANY,

                Defendant.

**ECF CASE**

**PETITION FOR REMOVAL BY DEFENDANT**

Civ. Action No.

---

Hanover Insurance Company ("Hanover"), the defendant in the above-captioned matter, for purposes of removing this action from the Supreme Court of the State of New York, County of Niagara, in which it is now pending to the United States District Court, Western District of New York, respectfully states, shows and petitions to the Court as follows:

    1.    <u>State Court Action</u>. This is an action originally filed on or about February 27, 2018, in New York State Supreme Court, County of Niagara, Index No. E164073/2018, being a suit originally entitled and styled as *Mark Dinieri, Plaintiff, v. Hanover Insurance Company, Defendant*. A copy of the summons and complaint filed with the Niagara County Clerk's Office on February 27, 2018 is annexed hereto as **Exhibit A**.

    2.    <u>Federal Jurisdiction</u>. Upon information and belief, the plaintiff is a natural person residing in the County of Niagara and State of New York. Defendant Hanover is a corporation, incorporated in the State of New Hampshire with its

headquarters and principal place of business in the State of Massachusetts. Also, upon belief and information provided by Plaintiff or its agent, the amount in controversy, although not specifically alleged in the complaint, is in excess of $75,000.00, exclusive of interest and costs. Accordingly, this Court has original jurisdiction over this action based upon complete diversity of citizenship of the parties pursuant to 28 U.S.C. § 1332(a), and this civil action is one which may be removed pursuant to 28 U.S.C. § 1441.

3.  **Timeliness of Removal Petition.**  The Summons and Complaint were served on Hanover's statutory designee on March 6, 2018, as shown by the acknowledgement of service of the New York State Department of Financial Services attached hereto as **Exhibit B.** As such, removal of this action is timely under 28 U.S.C. § 1446(b), as made within 30 days of service.

4.  **Relief Requested.** Defendant, Hanover Insurance Company, respectfully requests that the United States District Court, Western District of New York, accept this Petition for Removal, remove this case and action from the New York Supreme Court, County of Niagara, and take and assume jurisdiction over this matter and issue such further orders and processes as may be necessary to the trial and conclusion thereof. This Petition for Removal is submitted and filed without waiver of procedural or substantive defenses which are or may become available to the defendant.

DATED:   Buffalo, New York
         April 4, 2018

                                            s/Roy A. Mura
                                            Roy A. Mura, Esq.

                                            MURA & STORM, PLLC
                                            *Attorneys for Defendant*
                                            930 Rand Building
                                            14 Lafayette Square
                                            Buffalo, New York 14203
                                            (716) 855-2800
                                            roy.mura@muralaw.com

cc:   Michael T. Coutu, Esq.
      LEWIS & LEWIS, P.C.
      *Attorneys for Plaintiff*
      800 Cathedral Park Tower
      37 Franklin Street
      Buffalo, New York 14202
      (716) 854-2100

- 3 -

MURA & STORM, PLLC • 930 RAND BUILDING • 14 LAFAYETTE SQUARE • BUFFALO, NEW YORK 14203
(716) 855-2800 • FAX (716) 855-2816

# EXHIBIT A

STATE OF NEW YORK
SUPREME COURT : COUNTY OF NIAGARA

---

MARK DINIERI
1317 11th Street
Niagara Falls NY 14301

        Plaintiff,        **SUMMONS**

-vs.-        Index No.

HANOVER INSURANCE COMPANY
100 North Parkway
Worcester, Massachusetts 01605-1396

        Defendant

---

**TO THE ABOVE-NAMED DEFENDANT(S):**

YOU ARE HEREBY SUMMONED AND REQUIRED to serve upon the Plaintiff's Attorney, at the address stated below, a written Answer to the attached Complaint.

If the Summons is served upon you within the State of New York by personal service you must respond within TWENTY (20) days after service, not counting the day of service. If this Summons is not personally delivered to you within the State of New York, you must respond within THIRTY (30) days after service is completed, as provided by law.

If you do not respond to the attached Complaint within the applicable time limitation stated above a Judgment will be entered against you, by default for the relief demanded in the Complaint, without further notice to you.

The action is brought in the COUNTY OF NIAGARA because:

X    Plaintiff's residence, or place of business;

     Defendant's residence;

     Designation made by Plaintiff.

Dated:    February 27, 2018
             Buffalo, New York

FILED: NIAGARA COUNTY CLERK 02/27/2018 03:47 PM
NYSCEF DOC. NO. 1

INDEX NO. E164073/2018
RECEIVED NYSCEF: 02/27/2018

LEWIS & LEWIS, P.C.

By: _____
   MICHAEL T. COUTU, ESQ.
Attorneys for Plaintiff
800 Cathedral Park Tower
37 Franklin Street
Buffalo, NY   14202
Phone: (716) 854-2100

FILED: NIAGARA COUNTY CLERK 02/27/2018 03:47 PM
NYSCEF DOC. NO. 1

INDEX NO. E164073/2018
RECEIVED NYSCEF: 02/27/2018

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

---

MARK DINIERI

                Plaintiff,                **COMPLAINT**

-vs.-                               Index No.

**HANOVER INSURANCE COMPANY**

                Defendant

---

The plaintiff, MARK DINIERI, by his attorneys, LEWIS & LEWIS, P.C., for his complaint against the defendant herein, alleges upon information and belief that:

1. The plaintiff is a resident of the County of Niagara and State of New York.

2. The defendant, Hanover Insurance Company (hereinafter, "Hanover") is a New Hampshire domiciled insurer, authorized to issue insurance policies in the State of New York, with an office and principal place of business at 440 Lincoln Street, Worcester, Massachusetts.

3. At all relevant times, plaintiff owned 1325 11th Street, Niagara Falls, New York (the "Premises").

4. The defendant issued an insurance policy to Mark Dinieri.

5. The defendant issued insurance policy number: OHS 0355060 (the "Policy"), to Mark Dinieri.

6. The defendant delivered the Policy to plaintiff, Mark Dinieri in the State of New York.

7. The Policy was issued in consideration of a premium which was paid to, and received and retained by, Defendant.

8. Mark Dinieri is identified in the Policy as a "Named Insured."

9. The Policy provides insurance coverage for loss or damage, including, without limitation damage to the premises, personal property, and loss of use.

FILED: NIAGARA COUNTY CLERK 02/27/2018 03:47 PM
NYSCEF DOC. NO. 1

INDEX NO. E164073/2018
RECEIVED NYSCEF: 02/27/2018

10. The Policy was in effect on April 28, 2016.

11. The Policy was in effect on April 29, 2016.

12. The Policy was in effect on April 30, 2016.

13. The Policy was in effect on May 1, 2016.

14. The Policy was in effect on May 2, 2016.

15. The Policy covered the Premises – located at 1325 11th Street, Niagara Falls, New York.

16. On and before April 29 through May 2, 2016, plaintiff owned 1325 11th Street Niagara Falls, New York.

17. At all times relevant, plaintiff owned 1325 11th Street, Niagara Falls, New York.

18. During the period when the Policy was in effect and before Sunday May 1, 2016, the plaintiff's premises and property located at 1325 11th Street, Niagara Falls, New York 14301 was not damaged.

19. Upon information and belief, on or before 8:00AM on April 29, 2016, the plaintiff's premises and property located at 1325 11th Street, Niagara Falls, New York 14301, was not damaged.

20. On or about Sunday, May 1, 2016, plaintiff learned of damage to the premises and property located at 1325 11th Street, Niagara Falls, New York 14301.

21. On or about Monday, May 1, 2016, plaintiff discovered damage to the premises and property located at 1325 11th Street, Niagara Falls, New York, 14301 which included but was not limited to damage to: drywall, garage doors, awnings, counters, plumbing, electrical systems, 2 lifts, and a glass showcase. In addition, a wheel balancer, compressor, light fixtures and security system were missing. Also, there were multiple dumpsters worth of garbage left in the space that required clean up.

22. The property damage or loss as set forth in paragraphs 15 and 16, occurred on or before May 1, 2016.

23. Hanover insured 1317-1325 11th Street, Niagara Falls, New York pursuant to the Policy.

24. Hanover insured 1317-1325 11th Street, Niagara Falls, New York from April 1, 2016 through May 2, 2016 pursuant to the Policy.

25. That the insured, Mark Dinieri, paid the premiums in full for the Policy.

26. That the insured, Mark Dinieri, paid the premiums in full for the Policy solely with his own funds.

27. That on or about Monday, May 2, 2016 Plaintiff reported the property damage, or loss, at 1325 11th Street to the Niagara Falls Police Department.

28. That plaintiff submitted a claim to Hanover, requesting payment of the loss.

29. That on or about Monday, May 2, 2016, plaintiff notified Hanover of the loss.

30. That plaintiff promptly notified Hanover of the occurrence.

31. The plaintiff timely notified Hanover of the loss and timely submitted a claim to Hanover, requesting payment of the loss pursuant to the Policy.

32. Hanover assigned a claim number to the loss of 15-00752409000.

33. At all times relevant after the Loss Defendant had access to the Premises, with full opportunity to inspect the Premises.

34. Plaintiff engaged National Fire Adjustment Co., Inc. ("NFA") as their public adjuster.

35. Hanover investigated the claim.

36. That plaintiff filed a proof of loss.

37. That plaintiff timely filed a proof of loss.

38. That plaintiff cooperated with the defendant's investigation.

39. That plaintiff complied with all conditions of the Policy.

40. Hanover did not deny the claim in May 2016.

41. Hanover did not deny the claim in June 2016.

42. Hanover did not deny the claim in July 2016.

43. Hanover did not deny the claim in August 2016.

44. Hanover did not deny the claim in September 2016.

FILED: NIAGARA COUNTY CLERK 02/27/2018 03:47 PM
NYSCEF DOC. NO. 1

INDEX NO. E164073/2018
RECEIVED NYSCEF: 02/27/2018

45. That defendant did not advise plaintiff of any intention to deny the claim or disclaim coverage for the subject loss until approximately six months or 180 days after Hanover received notice of the occurrence and loss.

46. That defendant sent a letter dated October 28, 2016 to plaintiff.

47. The October 28, 2016 letter indicated that Hanover "are unable to provide coverage for your claim."

48. The October 28, 2016 letter referenced Exclusion "D. Dishonesty."

49. The October 28, 2016 letter referenced Exclusion "E. False Pretense."

50. The October 28, 2016 letter referenced no other Exclusion within the Hanover policy other than "D. Dishonesty" and "E. False Pretense."

51. The "D. Dishonesty" Exclusion in the policy does not apply.

52. The "E. False Pretense" Exclusion does not apply.

53. The October 28, 2016 letter provided the following in explaining the reason for denying coverage:

> Since your police specifically excludes voluntary parting with any property by you or anyone else to who you have sold, given or otherwise entrusted property if induced to do so by any fraudulent scheme, trick, devise or false pretense, there is no coverage for this loss. There is also no coverage afforded for rough use of the property by a tenant. Also there is no clear one time occurrence of the suggested damages. Therefore, we cannot consider any payment on your claim. We regret that we were unable to find a favorable outcome for you, but trust that you can appreciate our position in this matter.

54. That defendant Hanover did not pay the plaintiff's loss.

55. The defendant Hanover refused to pay the plaintiff's loss.

56. Hanover has failed to provide plaintiff with the coverage due and owing under the Policy.

### AS AND FOR A FIRST CAUSE OF ACTION AGAINST THE DEFENDANT HANOVER INSURANCE COMPANY FOR BREACH OF CONTRACT THE PLAINTIFF ALLEGES THAT

57. The plaintiff, MARK DINIERI, repeats and realleges each and every allegation contained above with the same force and effect as if more fully set forth herein.

58. Plaintiff suffered a loss by virtue of the property damage at 1325 11th Street, Niagara Falls, New York 14301 which was discovered on or about May 1, 2016.

59. The loss is covered by the Hanover policy.

60. Hanover breached its policy of insurance issued to plaintiff by refusing to pay a covered loss.

61. Plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

62. As a result of the Defendant's breach, plaintiff has been damaged and is entitled to judgment against Defendant in an amount to be determined at trial.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT HANOVER INSURANCE COMPANY, THE PLAINTIFF MARK DINIERI ALLEGES THAT

63. The plaintiff, MARK DINIERI, repeats and realleges each and every allegation contained above with the same force and effect as if more fully set forth herein.

64. The Defendant has wrongfully denied coverage and failed and refused to make full and complete payments which constitutes a breach of the Policy.

65. Defendant's conduct has been dilatory and unreasonable.

66. Defendant's conduct has unreasonably obstructed and prevented plaintiff from receiving prompt payment for the insurance proceeds to which he is entitled.

67. Plaintiff has been damaged by defendant's wrongful conduct, including without limitation, suffering extra-contractual consequential damages as a result of the defendant's failure to act promptly and in good faith.

FILED: NIAGARA COUNTY CLERK 02/27/2018 03:47 PM
NYSCEF DOC. NO. 1

INDEX NO. E164073/2018
RECEIVED NYSCEF: 02/27/2018

68.  As a result of defendant's breach, plaintiff has been damaged in an amount that exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

69.  As a result of the defendant's breach, plaintiff has been damaged and is entitled to judgment against defendant in an amount to be determined at trial.

### AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT HANOVER INSURANCE COMPANY FOR DECLARATORY RELIEF THE PLAINTIFF MARK DINIERI ALLEGES THAT

70.  The plaintiff, MARK DINIERI, repeats and realleges each and every allegation contained above with the same force and effect as if more fully set forth herein.

71.  The doctrines of waiver, estoppel and/or statutory / regulatory preclusion apply.

72.  Hanover waived any right to deny coverage by failing to do so timely and within a reasonable time.

73.  Hanover is estopped from denying coverage pursuant to any Exclusion within the policy by failing to do so timely and within a reasonable time.

74.  Hanover waived all Exclusions in the Policy other than "E. False Pretense."

75.  Hanover waived all Exclusions in the Policy other than any identified in the October 28, 2016 letter.

76.  Hanover is estopped from asserting an Exclusion in the Policy other than any identified in the October 28, 2016 letter.

77.  Hanover failed to comply with New York State Insurance Law and the Insurance Department regulations and is therefore precluded from denying or disclaiming coverage.

78.  Accordingly, plaintiff, Mark Dinieri specifically requests an order determining, declaring and decreeing the rights of the parties under the Policy.

WHEREFORE, the plaintiff Mark Dinieri respectfully requests this Court enter judgment against Defendant Hanover Insurance Company, and enter an Order:

1. On the First Cause of Action, granting judgment in an amount to be determined at trial for breach of contract;

2. On the Second Cause of Action, granting judgment in the amount to be determined at trial as consequential damages for bad faith;

3. On the Third Cause of Action, granting an order declaring the rights and obligations of the parties to the Policy;

4. Granting plaintiff interest, costs, and interest; and

5. Granting such other, further and different relief as the Court deems just and proper.

Dated:   February 27, 2018
         Buffalo, New York

LEWIS & LEWIS, P. C.

By: _____
    MICHAEL T. COUTU, ESQ.
Attorneys for Plaintiff
800 Cathedral Park Tower
37 Franklin Street
Buffalo, NY 14202
Phone: (716) 854-2100

(File No. 18-00656)



**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NIAGARA**
-------------------------------------x
Mark Dinieri

                       Plaintiff/Petitioner,
-against-                                  Index No. E164073/2018

Hanover Insurance Company

                       Defendant/Respondent.
-------------------------------------x

## NOTICE OF COMMENCEMENT OF ACTION SUBJECT
## TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above has been commenced as an electronically filed case in the New York State Courts Electronic Filing System ("NYSCEF") as required by CPLR § 2111 and Uniform Rule § 202.5-bb (mandatory electronic filing). This notice is being served as required by that rule.

NYSCEF is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and unrepresented litigants who have consented to electronic filing.

Electronic filing offers significant benefits for attorneys and litigants, permitting papers to be filed with the County Clerk and the court and served on other parties simply, conveniently, and quickly. NYSCEF case documents are filed with the County Clerk and the court by filing on the NYSCEF Website, which can be done at any time of the day or night on any day of the week. The documents are served automatically on all consenting e-filers as soon as the document is uploaded to the website, which sends out an immediate email notification of the filing.

The NYSCEF System charges no fees for filing, serving, or viewing the electronic case record, nor does it charge any fees to print any filed documents. Normal filing fees must be paid, but this can be done on-line.

**Parties represented by an attorney:** An attorney representing a party who is served with this notice must either: 1) immediately record his or her representation within the e-filed matter on the NYSCEF site; or 2) file the Notice of Opt-Out form with the clerk of the court where this action is pending. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the operational knowledge to comply with e-filing requirements. [Section 202.5-bb(e)]

**Parties not represented by an attorney: Unrepresented litigants are exempt from efiling. They can serve and file documents in paper form and must be served with documents in paper form.** However, an unrepresented litigant may participate in efiling.



For information on how to participate in e-filing, unrepresented litigants should contact the appropriate clerk in the court where the action was filed or visit www.nycourts.gov/efileunrepresented. Unrepresented litigants also are encouraged to visit www.nycourthelp.gov or contact the Help Center in the court where the action was filed. An unrepresented litigant who consents to e-filing may cease participation at any time. However, the other parties may continue to e-file their court documents in the case.

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: 02/27/2018

_____
Signature

MICHAEL TODD COUTU
Name

LEWIS & LEWIS, P.C.
Firm Name

37 FRANKLIN STREET, 800 CATHEDRAL PARK TOWER
Address

BUFFALO, NY 14202
City, State, and Zip

716-854-2100
Phone

mcoutu@lewislaw.com
E-Mail

To:   HANOVER INSURANCE COMPANY

100 NORTH PARKWAY

WORCESTER MA 01605-1396

9/3/15

Index #        Page 2 of 2        EFM-1

# EXHIBIT B

**NEW YORK STATE**
**DEPARTMENT of**
**FINANCIAL SERVICES**

| | |
|---|---|
| Andrew M. Cuomo<br>Governor | Maria T. Vullo<br>Superintendent |

STATE OF NEW YORK
Supreme Court, County of NIAGARA

E164073/2018

MARK DINIERI                          Plaintiff(s)

against

Defendant(s)

Hanover Insurance Company

RE : Hanover Insurance Company formerly known as Hanover Insurance Company, Inc.
Attorney for Plaintiff(s) and Defendant(s) please take notice as follows:

Attorney for Plaintiff(s) is hereby advised of acknowledgement of service upon this Department Summons and Complaint in the above entitled action on March 06, 2018 at Albany, New York. The $ 40.00 fee is also acknowledged.

Original to Attorney for Plaintiff(s):

LEWIS & LEWIS, PC
800 CATHEDRAL PARK TOWER
37 FRANKLIN STREET
BUFFALO, New York 14202

Persuant to the requirement of section 1212 of the Insurance Law, Defendant(s) is hereby notified of service as effected above. A copy of the paper is enclosed.

Duplicate to Defendant:

CT Corporation System
Hanover Insurance Company
111 Eighth Avenue
New York, New York 10011-0000

*Jacqueline Catalfamo*

**Jacqueline Catalfamo**
**Special Deputy Superintendent**

Dated Albany, New York, March 12, 2018
596611